# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FRANCISCO ALATORRE

    Plaintiff,

v.                                              No. 2:20-CV-00091-GJF-GBW

NEW MEXICO STATE UNIVERSITY,
ENRICO PONTELLI, and DENNIS
GIEVER, as employees of New Mexico
State University

    Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on March 12, 2020 at 11:00 a.m. and was attended by:

    Erika E. Anderson
    Law Offices of Erika E. Anderson
    2025 Rio Grande Blvd. N.W
    Albuquerque, NM 87104
    (505) 944-9039 / (505) 243-3534 Fax
    erika@eandersonlaw.com
    *Counsel for Plaintiff*

    Bradley A. Springer
    Alan J. Dahl
    Mynatt Martinez Springer, P.C.
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812 / (575) 524-0726 Fax
    bas@mmslawpc.com
    ajd@mmslawpc.com
    *Counsel for Defendants*

## NATURE OF THE CASE

This is a civil action arising under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), the Americans with Disabilities Act (hereinafter "ADA"), the Family and Medical Leave Act (hereinafter "FMLA"), the New Mexico Whistleblower Protection Act (hereinafter "NMWPA"), and the New Mexico Human Rights Act (hereinafter "NMHRA) based upon discrimination and interference with rights in violation of the ADA and the NMHRA; and for interference with rights in violation of the FMLA. Plaintiff brings claims against Defendants New Mexico State University (hereinafter "NMSU"), Enrico Pontelli (hereinafter "Pontelli"), and Dennis Giever (hereinafter "Giever").

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff does not anticipate filing any amendments to the pleadings or joining any additional parties at this time. Plaintiff should be allowed until April 2, 2020, to move to amend the pleadings and until April 2, 2020, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants do not anticipate filing any amendments to the pleadings or joining any additional parties at this time. Defendants should be allowed until April 16, 2020, to move to amend the pleadings and until April 16, 2020, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereby stipulate and agree that venue is properly laid in this District. The parties also stipulate that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

**PLAINTIFF'S CONTENTIONS**

Dr. Alatorre was terminated from NMSU because he engaged in a protected activity. This activity included reporting unlawful discriminatory practices and misconduct within NMSU's Department of Criminal Justice (hereinafter "DCJ"). Consequently, following Dr. Alatorre's reports of Departmental misconduct, Dr. Alatorre received notice that he was not only denied promotion and tenure, but also that his contract for employment would not be renewed. This decision was the result of unlawful retaliation against Dr. Alatorre.

Dr. Dennis Giever, Dr. Alatorre's then department head, has been personally aware of Dr. Alatorre's need for an accommodation since August of 2017. When Dr. Giever failed to assist Dr. Alatorre in obtaining or arranging any reasonable accommodation, Dr. Alatorre sought help from NMSU's Office of Institutional Equity (hereinafter "OIE") in October of 2017.

Dr. Alatorre filed an official ADA Petition for Accommodation on October 30, 2017. Despite Dr. Alatorre's repeated requests in the fall of 2017, he received no reasonable accommodation from NMSU or the Department until March of 2018. The interference and unreasonable delay in providing Dr. Alatorre with a reasonable accommodation worsened his condition.

Ultimately, Dr. Alatorre's termination was the unlawful result of both retaliation and discrimination. Dr. Alatorre's termination was in violation of state and federal statutes, including but not limited to, the NMHRA, the ADA, and Title VII, prohibiting retaliation and discrimination. Plaintiff has been diagnosed with post-traumatic stress disorder. Based upon this diagnosis, he is entitled to protection from discrimination based on his disability and to the provision of reasonable accommodation of his disability at work under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111(9)(B), 12112(b)(5)(A).

Plaintiff's professional success and growth at NMSU is documented extensively with reports from his Promotion and Tenure Committee (hereinafter "Committee"), Department Heads, appraisals, and peer and student evaluations. In April of 2015, in response to an NMSU-ordered investigation of problems within the Department, the College hired external consultants (hereinafter "Consultants"), to investigate claims of a pervasive and hostile work environment in the Department. Department faculty members were "urged to participate" in the Consultants' investigation by the College Dean's office.

During the Consultants' investigation, Plaintiff met with the Consultants multiple times and reported extensive problems occurring within the Department, including a pervasive and hostile work environment created by misconduct engaged in by Plaintiff's colleagues. Despite being discouraged by his Department Head to report any misconduct, Plaintiff fully cooperated with the Consultants' investigation and reported misconduct by other faculty members in direct violation of Title IX, 20 U.S.C. § 1681; unprofessional and hostile behavior amongst senior faculty toward junior faculty regarding tenure and funding; and curricular changes made against the students' best interests.

The Consultants' report produced findings of "the appearance of retaliation against members of the unit for raising questions" and a "consistent practice of denigration of colleagues among the faculty." The Consultants' report also recommended appointment of external mentoring Committees for all untenured faculty. On April 17, 2015, in a meeting with then-Dean of the College, Dr. Slaton, Plaintiff vocalized his fear of retaliation from other faculty members, stating that he was concerned that his transparency in reporting departmental and faculty misconduct would have negative repercussions on his promotion and tenure.

That same month, Plaintiff reported an incident between Dr. Keys, who is a male senior faculty member, and a female graduate student to NMSU Office of Institutional Equity

(hereinafter "OIE") to Dean Slaton. Plaintiff reported that Dr. Keys made crude and suggestive comments to the graduate student that were in direct violation of Title IX. Plaintiff was not present at the incident, but he reported it on behalf of the graduate student and in compliance with NMSU policy. Plaintiff also reported this incident to former Dean Slaton and the Consultants.

At that time, Dr. Keys was a member of Plaintiff's Committee, responsible for determining whether Plaintiff would be promoted and granted tenure at NMSU. Fearing retaliation for his reporting, Plaintiff requested from the Dean and Department Head a transfer, a mid-probation review, and a new set of external mentors for his Committee.

An external Committee was appointed. On April 29, 2015, Dr. Keys sent an email to several faculty members, including Plaintiff, recommending termination of faculty within the Department, and implying that Plaintiff be terminated for reporting misconduct. In May of 2015, Plaintiff assisted in an investigation regarding discriminatory behavior by Department faculty members, including Dr. Keys. Dr. Keys was aware of Plaintiff's assistance in the investigation and Plaintiff's reports of misconduct, including reports directly against Dr. Keys. In November of 2015, Plaintiff testified in an OIE case between then-Department Head Dr. Posadas and another member of Department faculty. At the time, an OIE staff member told Plaintiff that Plaintiff was the only witness in the case and that Dr. Posadas would have access to his testimony. In March of 2016, Dr. Keys requested that Plaintiff support Dr. Keys' efforts to reinstate Dr. Posadas as Department Head, in clear contradiction of the recommendations of the Consultants' report, but Plaintiff declined.

In April of 2016, Defendant Pontelli, who had meanwhile been appointed Dean of the College, dismissed the external Committee and re-appointed Dr. Keys to the Committee, despite having been told of Plaintiff's fears of retaliation from Dr. Keys. In May of 2016, less than two (2) months after Plaintiff refused to sign Dr. Keys' letter and just two (2) weeks after Dr. Keys was

reinstated to Plaintiff's Committee, the Committee issued a report misrepresenting and disparaging Plaintiff's scholarship work, showing a drastic change from previous years' reports.
In response, the new Department Head, Dr. Ketelaar, issued an independent evaluation of Plaintiff's promotion and tenure candidacy, indicating that Dr. Ketelaar had trouble understanding or endorsing the Committee's concerns because they were so contradictory to previous years' positive reports about Plaintiff's performance.

With Dr. Keys as chair, the Committee issued their 2017 report on Plaintiff in March 2017. The 2017 report further disparaged Plaintiff's scholarship. However, the report omitted six (6) pieces of Plaintiff's scholarly achievement that had been previously acknowledged in the 2013, 2014 and 2015 reports, as well as two (2) new pieces of scholarship relevant to the 2017 report, for a total of eight (8) omissions. Immediately after the Committee issued its 2017 report, Plaintiff reached out to Defendant Pontelli with concerns of retaliation. The omissions in the Committee's 2017 report were an inconsistent application of NMSU and College policies, including the *Administrative Rules and Procedures of Promotion and Tenure Policies and Procedures* and the *New Mexico State University Department of Criminal Justice Functions and Criteria for Faculty Evaluation, Promotion and Tenure*.

With Defendant Pontelli's knowledge, in June 2017, Plaintiff filed three (3) grievances with the OIE for faculty misconduct against Dr. Keys and other faculty members, alleging unlawful discriminatory behavior, including retaliation and discrimination on the basis of disability, national origin, ancestry and race. In August of 2017, Defendant Giever, who had meanwhile been appointed Department Head, became aware of Plaintiff's protected disability when Plaintiff requested accommodation of it from Defendant Giever.

Defendant Giever, however, indicated that he would not grant Plaintiff's request for accommodation. Accordingly, Plaintiff was forced to submit a formal ADA Petition for

Accommodation to the OIE in October of 2017. In November 2017, Defendant Giever provided Plaintiff with his Department Head Appraisal for Academic Year August 15, 2016 through August 13, 2017. In his appraisal, Defendant Giever did not follow NMSU's policy regarding allocation of effort.

Rather than assessing Plaintiff based upon the approved allocation of effort form, Defendant Giever established new rules and made decisions with retroactive effect, resulting in an unreasonable, unfair, and biased appraisal. The OIE did not respond to Plaintiff's formal request for accommodation of his disability, although Plaintiff's medical provider was actively engaged with the OIE and provided appropriate documentation clarifying Plaintiff's needs. On January 17, 2018, Plaintiff was forced to take leave under the FMLA, 29 U.S.C. § 2611 *et seq.*, until March 22, 2018.

On January 22, 2018, just five (5) days after Plaintiff began his FMLA leave, Defendant Pontelli informed Plaintiff that neither Defendant Pontelli nor the Committee would support Plaintiff's application for promotion and tenure. On March 14, 2018, nearly six (6) months after Plaintiff submitted the accommodation request to the OIE and nearly eight (8) months after Plaintiff first requested accommodation from Defendant Giever, the OIE granted Plaintiff's accommodation request, but indicated that it would only be fulfilled in the Fall 2018 semester.

Two (2) weeks later, on March 27, 2018, Defendant Giever notified Plaintiff that Plaintiff would no longer instruct the Spring 2018 CJ591 Directed Readings course. On May 2, 2018, Plaintiff received notification that his contract would not be renewed and that his final date of employment with NMSU would be May 14, 2019. One week later, on May 9, 2018, Defendant Giever threatened Plaintiff with disciplinary action, including earlier termination of employment, unless Plaintiff signed a 2017-2018 allocation of effort form.

Plaintiff refused to sign the form, because it falsely listed Plaintiff's teaching allocation as zero percent (0%) for the Spring 2018 semester. In fact, during the Spring 2018 semester, Plaintiff had been assigned two (2) courses, for a total course load of ten percent (10%), even though Plaintiff was on FMLA leave for a portion of that semester. Plaintiff informed Defendant Giever multiple times that signing the form with a 0% teaching allocation would be fraudulent and would misrepresent Plaintiff's efforts for the academic year.

In August of 2018, Plaintiff requested reasonable accommodation for the Spring 2019 semester, which the OIE only approved in November 2018. Again, despite Plaintiff's and his medical provider's active engagement and prompt responses to requests by the OIE for appropriate documentation regarding Plaintiff's needs, the OIE again failed to respond expeditiously and created unreasonable delays that put an undue burden on Plaintiff's attempts to work despite his protected disability.

On May 14, 2019, Plaintiff's contract with NMSU ended. As of the date of termination of Plaintiff's employment with NMSU, Plaintiff's OIE claim against Dr. Keys and other faculty members for retaliation and discrimination was still pending. Prior to filing this action, Plaintiff filed a timely administrative complaint with the New Mexico Human Rights Bureau, which issued a right-to-sue letter to Plaintiff.

**DEFENDANTS' CONTENTIONS**

Defendants deny the allegations contained in the Plaintiff's Complaint. Plaintiff cannot make a prima facie case of discrimination, retaliation, or interference of rights under any of the state or federal laws upon which he relies. NMSU's decision not to offer Plaintiff promotion and tenure was a legitimate business decision and was not discriminatory in nature. Simply put, Plaintiff's scholarly work was unsatisfactory and did not warrant promotion and tenure or renewal of his contract..

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

**Plaintiff's Witnesses:**

Plaintiff may depose or call the following witnesses to testify:

1. Francisco Alatorre
   c/o Erika E. Anderson
   Law Offices of Erika Anderson
   2025 Rio Grande Blvd N.W.
   Albuquerque, NM 87104
   (505) 944-9039 / (505) 243-3534 Fax
   erika@eandersonlaw.com

   Dr. Alatorre is the Plaintiff in this matter and is expected to testify regarding the allegations contained in the Complaint and his damages.

2. Viridiana Valadez
   New Mexico State University Graduate Student
   Address Unknown
   (575) 517-9113
   vvaladez@fyinm.org

   Ms. Valadez in expected to testify regarding discrimination that Dr. Alatorre reported to Defendant NMSU, which lead to discrimination and retaliation against Dr. Alatorre. Ms. Valadez is also expected to testify regarding any other relevant matters of which she has personal knowledge.

3. Dr. Bill Corbett
   New Mexico State University Department of Criminal Justice Colleague of Plaintiff
   Address Unknown
   (575) 646-4352
   wcorbett@ad.nmsu.com
   Dr. Corbett is expected to testify regarding his knowledge of Dr. Key's discriminatory behavior against Dr. Alatorre. Dr. Corbett is also expected to testify regarding any other relevant matters of which he has personal knowledge.

4. Dr. Andrea Joseph
   New Mexico State University Department of Criminal Justice Colleague of Plaintiff
   Address Unknown
   (575) 646- 3316
   ajoseph@nmsu.edu

      Dr. Joseph is expected to testify regarding her knowledge of discriminatory behavior against Dr. Alatorre. Dr. Joseph is also expected to testify regarding any other relevant matters of which he has personal knowledge.

5.    Dr. Christina Slaton
   Former New Mexico State University Dean
   Address Unknown
   (575) 646-4935
   slatocd@nmsu.edu
   Dr. Slaton is expected to testify regarding the appointment of external consultants to investigate DCJ department concerns. Dr. Slaton is also expected to testify regarding DCJ department concerns and misconduct that were brought to her attention. Dr. Slaton is also expected to testify regarding any other relevant matters of which she has personal knowledge.

6.    Dr. Tim Ketelaar
   Former head of the New Mexico State University Department of Criminal Justice
   Address Unknown
   (575) 405-3729
   ketelaar@ad.nmsu.edu

   Dr. Ketelaar is expected to testify regarding his time as Dr. Alatorre's interim department head and his strong dissent from the 2016 P&T committee letter. Dr. Ketelaar is also expected to testify regarding any other relevant matters of which he has personal knowledge.

7.    C.K. Gunsalus
   External Consultants commissioned by Dean Slaton
   Address Unknown
   ckg@gunsalus.net
   Phone Number Unknown

   C.K. Gunsalus conducted the NMSU DCJ assessment in April 2015 and is expected to testify in accordance with the finding of a number of departmental concerns. C.K. Gunsalas is also expected to testify regarding any other relevant matters of which she has personal knowledge.

8.    Dr. Noel Kilgariff
   Dr. Alatorre's medical provider
   Address Unknown
   (480) 980-1834
   noelgkilgariff@yahoo.com

   Dr. Kilgariff was Dr. Alatorre's treating physician and is expected to testify regarding her witnessing Dr. Alatorre's medical condition deteriorate due to NMSU's adverse environment and misconduct toward Dr. Alatorre. Dr. Kilgariff is also expected to testify regarding any other relevant matters of which she has personal knowledge.

9. Carlos Alatorre
   Dr. Alatorre's brother
   c/o Erika E. Anderson
   Law Offices of Erika Anderson
   2025 Rio Grande Blvd N.W.
   Albuquerque, NM 87104
   (505) 944-9039 / (505) 243-3534 Fax
   erika@eandersonlaw.com

   Carlos Alatorre is expected to testify regarding his knowledge of the Complaint and Dr. Alatorre's damages.

10. Kathy Reed
    New Mexico State University Student
    Address Unknown

    Ms. Reed is expected to testify regarding her knowledge of the Complaint and her experience with Dr. Alatorre as her professor.

    1. Any witness revealed or identified through discovery.

    2. Any witness for impeachment or rebuttal.

    3. Any witness necessary for authentication.

    4. Any witness identified by Defendants.

**Defendants' Witnesses:**

1. Enrico Pontelli
   c/o Mynatt Martinez Springer P.C.
   Bradley A. Springer
   Alan J. Dahl
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812
   bas@mmslawpc.com
   ajd@mmslawpc.com

   Dr. Pontelli is the Dean of the College of Arts and Sciences at NMSU. He is expected to testify concerning the circumstances giving rise to this action, including his decision not to

- 11 -

   support Mr. Alatorre's application for promotion and tenure due to unsatisfactory scholarship.

2. Dennis Giever
   c/o Mynatt Martinez Springer P.C.
   Bradley A. Springer
   Alan J. Dahl
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812
   bas@mmslawpc.com
   ajd@mmslawpc.com

   Dr. Giever is the Head of the Department of Criminal Justice at NMSU. He is expected to testify concerning the circumstances giving rise to this action, including his decision not to support Mr. Alatorre's application for promotion and tenure due to unsatisfactory scholarship.

3. NMSU Designee(s)
   c/o Mynatt Martinez Springer P.C.
   Bradley A. Springer
   Alan J. Dahl
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812
   bas@mmslawpc.com
   ajd@mmslawpc.com

   NMSU anticipates calling at least one Rule 30(b)(6) witness to testify concerning the University, its policies and procedures, the Criminal Justice Department and its internal policies and procedures and the expectations of tenure-track faculty.

4. Lauri Millot
   c/o Mynatt Martinez Springer P.C.
   Bradley A. Springer
   Alan J. Dahl
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812
   bas@mmslawpc.com
   ajd@mmslawpc.com

   Ms. Millot is the former Executive Director of NMSU's Office of Institutional Equity. She is expected to testify concerning the circumstances giving rise to this action, including the leave and accommodations provided to Mr. Alatorre.

5. Jeff Amato
   c/o Mynatt Martinez Springer P.C.
   Bradley A. Springer
   Alan J. Dahl
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812
   bas@mmslawpc.com
   ajd@mmslawpc.com

   Dr. Amato is an NMSU professor and a former member of Dr. Alatorre's Promotion and Tenure Committee. He is expected to testify concerning the circumstances giving rise to this action, including the unsatisfactory scholarship of Dr. Alatorre.

6. Brenda Benefit
   c/o Mynatt Martinez Springer P.C.
   Bradley A. Springer
   Alan J. Dahl
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812
   bas@mmslawpc.com
   ajd@mmslawpc.com

   Dr. Benefit is an NMSU professor and a former member of Dr. Alatorre's Promotion and Tenure Committee. She is expected to testify concerning the circumstances giving rise to this action, including the unsatisfactory scholarship of Dr. Alatorre.

7. Timothy Ketelaar
   c/o Mynatt Martinez Springer P.C.
   Bradley A. Springer
   Alan J. Dahl
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812
   bas@mmslawpc.com
   ajd@mmslawpc.com

   Dr. Ketelaar is the former Interim Department Head of the NMSU Department of Criminal Justice. He is expected to testify concerning the circumstances giving rise to this action.

8. David Keys
   c/o Mynatt Martinez Springer P.C.
   Bradley A. Springer
   Alan J. Dahl
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812
   bas@mmslawpc.com
   ajd@mmslawpc.com

   Dr. Keys is an NMSU Professor and a member of Dr. Alatorre's Promotion and Tenure Committee. He is expected to testify concerning the circumstances giving rise to this action.

9. Heinz Nakotte
   c/o Mynatt Martinez Springer P.C.
   Bradley A. Springer
   Alan J. Dahl
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812
   bas@mmslawpc.com
   ajd@mmslawpc.com

   Dr. Nakotte is an NMSU Professor and a member of Dr. Alatorre's Promotion and Tenure Committee. He is expected to testify concerning the circumstances giving rise to this action.

10. Dulcinea Lara
    c/o Mynatt Martinez Springer P.C.
    Bradley A. Springer
    Alan J. Dahl
    P.O. Box 2699
    Las Cruces, NM 88004-2699
    (575) 524-8812
    bas@mmslawpc.com
    ajd@mmslawpc.com

    Dr. Lara is an NMSU Professor and a member of Dr. Alatorre's Promotion and Tenure Committee. He is expected to testify concerning the circumstances giving rise to this action.

11. Toni Lavor
    c/o Mynatt Martinez Springer P.C.
    Bradley A. Springer
    Alan J. Dahl
    P.O. Box 2699
    Las Cruces, NM 88004-2699
    (575) 524-8812
    bas@mmslawpc.com
    ajd@mmslawpc.com

    Ms. Lavor is a human resources specialist for NMSU. She is expected to testify concerning the circumstances giving rise to this action including the leave sought and granted to Dr. Alatorre.

12. Ralph Lucero
    c/o Mynatt Martinez Springer P.C.
    Bradley A. Springer
    Alan J. Dahl
    P.O. Box 2699
    Las Cruces, NM 88004-2699
    (575) 524-8812
    bas@mmslawpc.com
    ajd@mmslawpc.com

    Mr. Lucero is a human resources director at NMSU. He is expected to testify concerning the circumstances giving rise to this action including the accommodations sought and granted to Dr. Alatorre.

13. Brook G. Milligan
    c/o Mynatt Martinez Springer P.C.
    Bradley A. Springer
    Alan J. Dahl
    P.O. Box 2699
    Las Cruces, NM 88004-2699
    (575) 524-8812
    bas@mmslawpc.com
    ajd@mmslawpc.com

    Dr. Milligan is a professor at NMSU and former chair of the College of Arts and Sciences Faculty Affairs Committee. She is expected to testify concerning the circumstances giving rise to this action including Dr. Alatorre's unsatisfactory scholarship.

14. Angela M. Velasco
    c/o Mynatt Martinez Springer P.C.
    Bradley A. Springer
    Alan J. Dahl
    P.O. Box 2699
    Las Cruces, NM 88004-2699
    (575) 524-8812
    bas@mmslawpc.com
    ajd@mmslawpc.com

    Ms. Velasco is an equity officer for the NMSU Office Institutional Equity. She is expected to testify concerning the circumstances giving rise to this action including accommodations sought and granted to Dr. Alatorre.

15. Any witnesses identified through discovery.

16. Any witnesses for impeachment or rebuttal.

17. Any witnesses necessary for authentication.

18. Any witnesses identified by the Plaintiff.

**Plaintiff's Exhibits:**

Plaintiff is unable to determine all documents and exhibits he may use to support his claims. At this time, Plaintiff expects the following documents, photographs or videos may be used at trial:

1. Any and all exhibits already disclosed through administrative proceedings, including but not limited to those before the New Mexico Human Rights Bureau and New Mexico State University's Office of Institutional Equity.

2. Any and all records or documents which are relevant to the incidents which are the subject matter of Plaintiff's Complaint.

3. Any exhibit necessary for impeachment.

4. Any exhibit identified through discovery.

5. Any exhibit identified by Defendants.

6. Any rebuttal exhibit.

**Defendants' Exhibits:**

Defendants are unable to determine all documents and exhibits they may use to support their defenses at this time. Defendants, however, expect that the following documents may be used at a trial:

1. Any and all documents relating to Dr. Alatorre's scholarly work while at NMSU.
2. Any and all documents relating to the review of Dr. Alatorre's scholarly work by his peers and superiors while at NMSU.
3. Any and all exhibits already disclosed through administrative proceedings, including but not limited to those before the New Mexico Human Rights Bureau and New Mexico State University's Office of Institutional Equity.
4. Any and all records or documents which are relevant to the incidents which are the subject matter of Plaintiff's Complaint.
5. Any exhibit necessary for impeachment.
6. Any exhibit identified through discovery.
7. Any exhibit identified by Plaintiff.
8. Any rebuttal exhibit.

**Plaintiff's Experts:**

Plaintiff has not yet determined whether he will call expert witnesses to testify at trial in this case. Plaintiff reserves the right to supplement this disclosure in accordance with the Court's Orders, the Federal Rules of Civil Procedure and the Local Rules of the District.

**Defendants' Experts:**

Defendants have not identified who they will call as expert witnesses at trial in this case. Defendants anticipate, however, calling an expert in promotion and tenure within the field of

academia as well as an expert to assess the alleged damages. Defendants reserve the right to supplement this disclosure in accordance with the Court's Orders, the Federal Rules of Civil Procedure and the Local Rules of the District.

**Discovery will be needed on the following subjects:**

Plaintiff's claims and damages asserted in the Complaint, including but not limited to discrimination, retaliation, and violations of the ADA and the NMHRA. Defendants' defenses as asserted in their Answer.

Maximum of twenty-five (25) Interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of twenty-five (25) Requests for Production by each party to any other party. (Responses due 30 days after service).

Maximum of twenty-five (25) Requests for Admission by each party to any other party. (Response due 30 days after service).

Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendants, excluding experts.

Each deposition, other than of parties, will be limited to a maximum of four (4) hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by:     June 30, 2020

    from Defendants by:  July 31, 2020

Supplementation under Rule 26(e) due within thirty (30) days of discovery of the information.

All discovery commenced in time to be complete by <u>August 31, 2019</u>.

## PRETRIAL MOTIONS

Plaintiff has not yet determined whether she will be filing a Motion for Summary Judgment. Plaintiff anticipates that prior to trial she will file Motions in Limine and if appropriate, a *Daubert* Motion. Plaintiff may also file any other discovery or pretrial motion that becomes necessary during the course of litigation.

Defendants intend to file: Motion for Summary Judgment; Motions in Limine, and *Daubert* Motions.

## ESTIMATED TRIAL TIME

The parties estimate trial will require five (5) days.

___ This is a non-jury case.

__x__ This is a jury case.

The parties request a pretrial conference on _____-.

## SETTLEMENT

The possibility of settlement in this case is considered fair. The parties request a settlement conference no later than August 31, 2020.

## EXCEPTIONS

No exceptions exist.

APPROVED WITHOUT EXCEPTIONS

By: /s/ *Erika E. Anderson*
Erika E. Anderson
Law Offices of Erika E. Anderson
2025 Rio Grande Blvd. N.W
Albuquerque, NM 87104
(505) 944-9039 / (505) 243-3534 Fax
erika@eandersonlaw.com
*Counsel for Plaintiff*

.

By: / Bradley A. Springer
Bradley A. Springer
Alan J. Dahl
Mynatt Martinez Springer, P.C.
P.O. Box 2699
Las Cruces, NM 88004
(575) 524-8812 / (575) 524-0726 Fax
bas@mmslawpx.com
ajd@mmslawpc.com
*Counsel for Defendants*